966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rochester HARRIS, Plaintiff-Appellant,
v.
James J. BLANCHARD, Governor of the State of Michigan; Lou
Glazer, Assistant Director of Michigan Department of
Commerce; Robert Brown, Director of Michigan Department of
Corrections; Jerome Schmitt, Agent for Department of
Corrections; Michigan Bell Telephone Company; J.P.
McCarthy, WJR Radio Station; Dorie Morgan, WILX-TV Channel
10; WJR Radio Station; WIXL-TV, Channel 10, Defendants-Appellees.
 No. 91-1684.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Rochester Harris, a pro se Michigan prisoner, appeals from the district court's dismissal of his civil rights complaint filed under 42 U.S.C. § 1983 (1988). Additionally, Harris requests the appointment of counsel and has filed a motion for miscellaneous relief and a motion to remand. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, Harris filed his civil rights complaint alleging that the defendants violated his Fourteenth Amendment rights by denying him the use of an "FM wireless microphone transmitter for babysitting" which Harris alleged he invented. Specifically, he alleged that the defendants defrauded and infringed on his invention by coercing him into signing a waiver of his rights without an attorney being present. He further claimed that the transmitter is "constantly being used commercially in radio and television studios for monitoring purposes." In support of his allegations, Harris attached a 1977 photo release form that he signed; a newspaper article which mentioned former Governor Blanchard and defendant Glazer in the context of a Michigan promotion campaign; a 1977 memorandum from Herman Koenig which makes reference to an idea of Harris's for a type of electronic transmitter, but dismisses the idea as "not sound or feasible or practical;" and a letter from James Deimen, apparently a patent attorney responding to an inquiry from Harris.
 
 
 3
 The district court held that Harris's allegations that he has been deprived of "his invention" and that use of similar devices is somehow "infringing" on his invention were vague and conclusory and failed to establish the deprivation of any constitutional right. The court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d) (1988).
 
 
 4
 Upon review, we conclude that Harris's complaint was properly dismissed as his claims lack an arguable basis in law and in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 Under 42 U.S.C. § 1983, a plaintiff must allege 1) that he was deprived of a right secured by the Federal Constitution or laws of the United States, and 2) that the deprivation was caused by a person while acting under color of state law. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978); Moore v. City of Paducah, 890 F.2d 831, 833-34 (6th Cir.1989). Absent either element, a claim will not be stated.
 
 
 6
 Although pro se complaints are to be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), they must set forth a cognizable federal claim. Conclusory, unsupported statements alleging the deprivation of rights protected by the Constitution or federal laws are insufficient to state a claim. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 7
 Harris's primary complaint is that he has somehow been deprived of "his invention" and that the use of similar devices is somehow "infringing" on his invention. Harris has failed to establish a cognizable federal claim, however, because his allegations are vague, conclusory and unsupported by specific facts. Moreover, the complaint does not allege state action. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Simescu v. Emmet County Dep't of Social Servs., 942 F.2d 372, 374 (6th Cir.1991). The complaint was, therefore, properly dismissed.
 
 
 8
 Accordingly, the request for counsel, the motion for miscellaneous relief, and the motion to remand are denied. The district court's judgment dismissing Harris's complaint as frivolous is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.